UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: TD BANK, N.A. DEBIT CARD OVERDRAFT FEE LITIGATION<br><br>MDL No. 2613<br>_____ | ) Civil Action No.: 6:15-MN-2613-BHH<br>) ALL CASES<br>)<br>)    **Order**<br>) |

This matter is before the Court on Plaintiffs' submission of a revised Electronic Funds Transfer Act ("EFTA") class definition (ECF No. 172) and a second revised EFTA class definition (ECF No. 174). For the reasons stated below, the Court hereby adopts the second revised EFTA class definition and certifies the EFTA Class seeking statutory damages.

## BACKGROUND

In its February 22, 2018 Opinion and Order granting in part and denying in part Plaintiffs' motion for class certification (ECF No. 169), the Court preliminarily granted Plaintiffs' motion with respect to a class seeking statutory damages under the EFTA, but noted that the EFTA Class was an impermissible fail-safe class under the then-proposed definition. (*Id.* at 64-66, 77.) Accordingly, the Court directed Plaintiffs to submit a revised class definition within fourteen (14) days, and granted Defendant TD Bank, N.A. ("TD Bank") seven (7) days to file a response, if any. (*Id.* at 77.)

Plaintiffs filed a revised EFTA class definition on March 8, 2018. (ECF No. 172.) Also on March 8, 2018, TD Bank filed a petition for leave to appeal the class certification ruling on an interlocutory basis, pursuant to Federal Rule of Civil Procedure 23(f). (*King v. TD Bank, N.A.*, 4th Cir. No. 18-149, Doc. 2-1.) On March 15, 2018, Plaintiffs filed a

1

second revised EFTA class definition, indicating that the parties met, conferred, and agreed upon this second revised EFTA class definition as being consistent with the Court's Opinion and Order on class certification. (ECF No. 174.) Defendant TD Bank, N.A. ("TD Bank"), reserved its rights with respect to certification issues regarding the EFTA Class, and stated that its agreement to the revised definition was made without waiving any of those rights. (*Id.* at 1.) On April 19, 2018, the Fourth Circuit denied TD Bank's Rule 23(f) petition. (ECF No. 181.)

## ANALYSIS

The problem with the EFTA class definition initially proposed by Plaintiffs was that class members could only be identified once it had first been determined that their Regulation E claim was successful—*i.e.*, that they were assessed an overdraft fee for an ATM or debit card transaction within the relevant time period "even though TD Bank failed to comply with the [EFTA]." (*See* ECF No. 169 at 64-66.) The agreed-upon, revised class definition does not suffer from this pitfall, and thereby avoids the impermissibility of a fail-safe class with which the Court was initially concerned. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012) (stating that fail-safe classes are improper because "a class member either wins or, by virtue of losing, is defined out of a class and is therefore not bound by the judgment"). Rather, the revised EFTA class definition itemizes specific factual circumstances that permit ready identification of individuals as class members within each of Plaintiffs' Regulation E sub-theories, without making such identification contingent on the meritorious character of such individuals' claims; to wit:

> All customers of TD Bank who either opened a checking account after August 15, 2010, or have claims not released in *In re Checking Account*

*Overdraft Litigation,* who were assessed an overdraft fee for an ATM or debit card transaction after August 15, 2010, and who, within the applicable statute of limitations:

1. From August 15, 2010 through June 2017, enrolled in TD Bank's Debit Card Advance ("TDDCA") overdraft service when the opt-in form stated that an "overdraft occurs when you do not have enough money in your account available to cover the transaction, but we pay it anyway";

2. From August 15, 2010 to the date of class certification, either (a) enrolled in TDDCA via telephone without being provided an opt-in form at the time of enrollment and prior to giving consent, or (b) enrolled in TDDCA online without being provided an opt-in form prior to giving consent when TD Bank's online enrollment system allowed a customer to check a box indicating his or her affirmative consent without first displaying the opt-in form on his or her computer screen;

3. From August 15, 2010 through December 2013, enrolled in TDDCA using the in-branch opt-in process that permitted employees to check the opt-in box on the computer screen rather than obtaining the customer's affirmative consent by allowing the customer to check the box or sign the form;

4. From August 15, 2010 to the date of class certification, were not provided written confirmation of enrollment into TDDCA, including new customers who enrolled in TDDCA online and were not provided written confirmation of enrollment; and/or

5. From August 15, 2010 to the date of class certification, were provided written confirmation of enrollment into TDDCA but such confirmation did not state that customers had a right to revoke their consent.

(ECF No. 174 at 1-2.)

## **CONCLUSION**

In accordance with these findings, it is hereby ordered, adjudged, and decreed that Plaintiffs' motion for class certification (ECF No. 140) is granted with respect to a class seeking statutory damages under the EFTA. The Court adopts the revised class definition agreed upon by the parties (ECF No. 174), set forth above, and certifies the

EFTA Class.

**IT IS SO ORDERED.**

<u>/s/ Bruce Howe Hendricks</u>
United States District Judge

June 20, 2018
Greenville, South Carolina

4