**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

**CASE NO. 6:15-MN-02613-BHH**
**ALL CASES**

---

IN RE:  TD BANK, N.A. DEBIT CARD
OVERDRAFT FEE LITIGATION

MDL No. 2613

---

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**
**AND DIRECTING NOTICE**

Plaintiffs and Defendant TD Bank, N.A. (hereinafter "TD" or "TD Bank") have agreed to a settlement as part of this multidistrict litigation, the terms and conditions of which are set forth in an executed Settlement Agreement and Release (the "Settlement").[1]  The Parties reached the Settlement after lengthy settlement negotiations which extended over two years and four mediation sessions.  Under the terms and conditions of the Settlement, subject to Court approval, Plaintiffs and the proposed Settlement Classes would fully, finally, and forever resolve, discharge, and release their claims in exchange for $70,000,000 of total relief for the Settlement Classes, consisting of TD's payment of $43,000,000 into a common fund and credits in the amount of $27,000,000 in the form of reductions to the outstanding balances of Members of the Settlement Classes whose accounts were closed with amounts owed to TD, without admission of liability, inclusive of all fees and costs associated with providing notice to the Settlement Classes and for

---

[1] "Plaintiffs" expressly excludes Amos Jones, who, while he was listed as a Plaintiff on the Consolidated Amended Complaint, has declined to participate in this Agreement.  All other named Plaintiffs have signed the Settlement Agreement.

Settlement administration, the attorneys' fees and costs to Class Counsel, and Service Awards to Plaintiffs.

The Settlement has been filed with the Court and Plaintiffs and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Settlement Class Counsel, and the requirements of law, the Court finds that the Parties have provided the Court with information sufficient to enable it to determine whether to give notice to the Settlement Classes, and that it will likely be able to: (1) approve the Settlement proposal under Fed. R. Civ. P. 23(e)(2); and (2) certify the Settlement Classes for settlement purposes.

## **BACKGROUND**

The initial complaint that resulted in the creation of this multidistrict litigation was filed on August 21, 2013, by plaintiffs James E. King, Jr. and Jan Kasmir. *See King v. TD Bank, N.A.*, Case No. 6:13-cv-02264-BHH (D.S.C.) ("*King*"). This putative class action alleged the improper assessment and collection of overdraft fees by TD Bank and Carolina First Bank (including Mercantile Bank) and sought, *inter alia*, monetary damages, restitution, and equitable relief.

On February 24, 2014, Plaintiffs Sheila and Emilio Padilla filed the complaint in *Padilla v. TD Bank, N.A.*, Case No. 2:14-cv-1276 ("*Padilla*"), a putative class action, in the United States District Court for the Eastern District of Pennsylvania, alleging improper assessment and collection of overdraft fees and seeking, *inter alia*, monetary damages, restitution, and equitable relief from TD Bank.

On December 5, 2014, Plaintiff John Hurel filed the complaint in *Hurel v. TD Bank, N.A.*, Case No. 14-cv-07621 ("*Hurel*"), a putative class action, in the United States District Court for the

District of New Jersey.  On December 31, 2014, Plaintiff John Koshgarian filed the complaint in *Koshgarian v. TD Bank, N.A.*, Case No. 14-cv-10250 ("*Koshgarian*"), a putative class action, in the United States District Court for the Southern District of New York.  On January 8, 2015, Plaintiff Elizabeth Goodall filed the complaint in *Goodall v. TD Bank, N.A.*, Case No. 15-cv-00023 ("*Goodall*"), a putative class action, in the United States District Court for the Middle District of Florida.  On January 9, 2015, Plaintiffs Frederick Klein, Ronald Ryan, Geoffrey Grant, and Tashina Drakeford filed the complaint in *Klein v. TD Bank, N.A.*, Case No. 15-cv-00179 ("*Klein*"), a putative class action, in the United States District Court for the District of New Jersey.  On January 21, 2015, Plaintiff Dawn Ucciferri filed the complaint in *Ucciferri v. TD Bank, N.A.*, Case No. 15-cv-00424 ("*Ucciferri*"), a putative class action, in the United States District Court for the District of New Jersey.  On January 21, 2015, Plaintiff Caroline Austin filed the complaint in *Austin v. TD Bank, N.A.*, Case No. 15-cv-00088 ("*Austin*"), a putative class action, in the United States District Court for the District of Connecticut.  On March 9, 2015, Plaintiff Kendall Robinson filed the complaint in *Robinson v. TD Bank, N.A.*, Case No. 15-cv-60469 ("*Robinson I*"), a putative class action, in the United States District Court for the Southern District of Florida.  On March 9, 2015, Plaintiff Kendall Robinson filed a second class action complaint styled *Robinson v. TD Bank, N.A.*, Case No. 15-cv-60476 ("*Robinson II*"), also in the United States District Court for the Southern District of Florida, which asserted a claim for usury under the National Bank Act.

On April 2, 2015, the Judicial Panel for Multi-District Litigation ("JPML") transferred the *Padilla*, *Hurel*, *Koshgarian*, *Goodall*, *Klein*, *Ucciferri*, and *Austin* actions to the United States District Court for the District of South Carolina and consolidated them for pretrial purposes with *King* under the MDL caption *In Re: TD Bank, N.A. Debit Card Overdraft Litigation*, Case No.

6:15-mn-02613-JLK ("MDL 2613").  The JPML assigned the consolidated actions to this Court.
On April 15, 2015, the JPML transferred the *Robinson I* action to MDL 2613.

On May 20, 2015, the Court appointed attorneys E. Adam Webb and Richard McCune as
lead Plaintiffs' counsel.  The Court also appointed attorneys Richard Golomb, Hassan Zavereei,
Joseph Kohn, Francis Flynn, and John Hargrove as Plaintiffs' executive committee counsel, and
attorneys Mark Tanenbaum and William Hopkins as Plaintiffs' liaison counsel.  On May 22, 2015,
the Court issued an Initial Case Management Order and an Initial Scheduling Order governing
MDL 2613.  These orders, *inter alia*, extended the Consent Confidentiality Order and ESI protocol
from *King* to all of the cases in MDL 2613.

On June 19, 2015, Plaintiffs from the *King*, *Padilla*, *Hurel*, *Koshgarian*, *Goodall*, *Klein*,
*Ucciferri*, *Austin*, and *Robinson I* actions, along with additional named plaintiffs, filed a
Consolidated Amended Class Action Complaint in MDL 2613 alleging improper assessment and
collection of overdraft fees and seeking, *inter alia*, monetary damages, restitution, and equitable
relief from TD Bank.  The Consolidated Amended Class Action Complaint asserted the same or
similar claims to the claims asserted in the original class action complaints, including a usury claim
substantively identical to the claim asserted in *Robinson II*.  On August 7, 2015, the JPML
transferred *Robinson II* to MDL 2613.

On August 3, 2015, TD Bank filed a motion to dismiss the Consolidated Amended Class
Action Complaint under Fed. R. Civ. P. 12(b)(b)(6) for failure to state a claim.  On September 2,
2015, Plaintiffs filed their opposition to the motion.  On September 23, 2015, TD Bank filed its
reply.  On October 14, 2015, the Court heard oral argument, and on December 10, 2015, the Court
issued an order granting in part and denying in part TD Bank's motion to dismiss.

4

On January 14, 2016, TD Bank filed an answer to the Consolidated Amended Class Action Complaint in MDL 2613, denying any and all wrongdoing and liability and asserting various affirmative defenses. Discovery in MDL 2613 continued with TD Bank ultimately producing over 1,000,000 pages of documents (in addition to voluminous data files and spreadsheets). Dozens of depositions of the named Plaintiffs and TD Bank executives and witnesses were taken. The Parties also engaged in expert discovery. On May 10, 2016, the Parties participated in mediation with Professor Eric Green of Resolutions LLC as Mediator. That mediation was unsuccessful.

On September 22, 2016, Plaintiffs moved for class certification with respect to all of the claims that were not dismissed in MDL 2613. On November 22, 2016, TD Bank filed its opposition to class certification, and on December 22, 2016, Plaintiffs filed their reply. On March 8 and 9, 2017, the Parties participated in mediation with Magistrate Judge Mary Gordon Baker. The mediation adjourned without a resolution being reached. On May 26, 2017, the Court heard oral argument on Plaintiffs' motion for class certification. On February 22, 2018, the Court issued an order granting in part and denying in part Plaintiffs' motion for class certification ("the Class Certification Order").

On March 8, 2018, TD Bank filed a petition for leave to appeal the Class Certification Order in the United States Court of Appeals for the Fourth Circuit pursuant to Federal Rule of Civil Procedure 23(f) (the "Petition"). Plaintiffs filed an opposition to the Petition on March 19, 2018. The Fourth Circuit denied the Petition on April 19, 2018.

The Class Certification Order left unresolved the class definition for the class asserting claims for statutory damages under the Electronic Fund Transfer Act ("EFTA"). On June 20, 2018, the Court entered an order adopting Plaintiffs' second revised EFTA class definition and certifying the EFTA Class for the purposes of a statutory damages claim.

The Parties also contested the scope of the certified classes. On November 16, 2018, the Court issued an order limiting the certified classes to consumer checking accounts only.

Following class certification, the Parties negotiated an agreement regarding the production of customer transactional data, and on August 1, 2018, the Court entered a Consent Order on Production of Customer Transactional Data.

On January 5, 2017, Plaintiff Shaina Dorsey filed the complaint in *Dorsey v. TD Bank, N.A.*, Case No. 17-cv-00074-RMB ("*Dorsey*"), a putative class action, in the United States District Court for the District of New Jersey, which asserted a claim for usury under the National Bank Act. The claim was substantively identical to the usury claim asserted in the Consolidated Amended Class Action Complaint, which the Court had dismissed for failure to state a claim. On January 31, 2017, the JPML issued a Conditional Transfer Order as to *Dorsey*. Over the objection of the plaintiff in *Dorsey*, the matter was transferred to MDL 2613 on May 31, 2017. On July 11, 2017, TD Bank filed a motion to dismiss *Dorsey* for failure to state a claim. Plaintiff Dorsey filed her opposition on August 10, 2017, and TD Bank filed a reply on August 22, 2017. The Court granted TD Bank's motion to dismiss in *Dorsey* on February 28, 2018. On March 29, 2018, Plaintiff Dorsey filed a notice of appeal in the United States Court of Appeals for the Fourth Circuit.

On December 5, 2017, Plaintiff Britney Lawrence filed the complaint in *Lawrence v. TD Bank, N.A.*, Case No. 17-cv-12583 ("*Lawrence*"), a putative class action, in the United States District Court for the District of New Jersey, alleging that TD Bank improperly assessed overdraft fees on Uber and Lyft ride-sharing transactions. On April 4, 2018, the JPML transferred *Lawrence* to MDL 2613. On June 4, 2018, TD Bank filed a motion to dismiss *Lawrence* for failure to state a

claim. Plaintiff Lawrence filed her opposition on July 18, 2018, and TD Bank filed a reply on August 1, 2018.

On October 10, 2018, the Parties participated in a second mediation with Magistrate Judge Mary Gordon Baker. This mediation also adjourned without a resolution being reached. Beginning in late 2018, the Parties initiated renewed settlement discussions. The preliminary discussions resulted in the scheduling of a fourth mediation. Thereafter, the Parties participated in mediation on January 23, 2019 with Professor Green. As a result of that mediation, on February 1, 2019, Settlement Class Counsel and TD Bank executed a Settlement Term Sheet memorializing the material terms of the Settlement.

On February 1, 2019, Settlement Class Counsel and TD Bank filed a Joint Notice of Settlement with the Court, which was based on the same terms, and requested a suspension of deadlines pending the drafting and execution of a final settlement agreement. The Court granted the requested suspension on February 4, 2019. On February 21, 2019, Plaintiff Dorsey and TD Bank jointly requested that the Fourth Circuit stay the *Dorsey* appeal pending the District Court's review and potential approval of the Settlement. On February 22, 2019, the Fourth Circuit suspended the proceedings in *Dorsey*. Following further discussions, the Parties resolved all remaining issues, and executed a formal Settlement Agreement.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.     As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.     The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3.     Venue is proper in this District.

7

### Approval of the Settlement

4.      At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." *4 Newberg on Class Actions* § 11.26 (4th ed. 2010); *In re Outer Banks Power Outage Litig.*, 2018 WL 2050141, at *3 (E.D.N.C. May 2, 2018). "Preliminary approval of a class action settlement should be granted when the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or of segments of the class or excessive compensation for attorneys and appears to fall within the range of possible approval." *Temp. Servs., Inc. v. Am. Int'l Group, Inc.*, 2012 WL 13008138, at *5 (D.S.C. July 31, 2012). Preliminary judicial approval is the first step in the settlement process, and it allows notice to issue and for class members to object or opt-out of the settlement. *See Horton v. Merrill Lynch, Pierce, Fenner & Smith. Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991) ("The primary concern addressed by Rule 23(e) is the protection of class members whose rights may not have been given adequate consideration during the settlement negotiations"). Accordingly, before a district court approves a class action settlement, it must conclude that the settlement is fundamentally fair, adequate, and reasonable to the class members. *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litig.,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery") (internal quotation marks omitted).

5.     The Court finds that it will likely be able to approve the Settlement as fair, reasonable, and adequate, and that the requirements of Rule 23(e)(2) likely have been met.  More specifically, based on the materials the Parties have submitted, the Court finds that it will likely be able to determine that the appointed Class Representatives, Class Counsel, and Settlement Class Counsel have adequately represented the Settlement Classes; that the proposal was negotiated at arms' length; that the relief provided for the Settlement Classes is adequate taking into account the costs, risk, and delay of trial and appeal, the effectiveness of the proposed method for distributing relief to the Settlement Classes, and the terms of the proposed award of attorneys' fees, including timing of payment; and the proposal treats class members equitably relative to each other.  The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arms' length negotiations between the Parties and their capable and experienced counsel.  The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Classes, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter final judgment.

**Class Certification and Appointment of Class Representatives and Class Counsel**

6.     Courts have recognized that "a potential settlement is a relevant consideration when considering class certification." *Temp. Servs.*, 2012 WL 13008138, at *1.  "If not a ground for certification *per se*, certainly settlement should be a factor, and an important factor, to be considered when determining certification." *In re A.H. Robins Co.*, 880 F.2d 709, 740 (4th Cir. 1989), *abrogated on other grounds by Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 619

(1997) (affirming that "[s]ettlement is relevant to a class certification"). In deciding whether it will likely be able to certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that courts need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Amchem Products*, 521 U.S. at 620.

7.     The Court finds, for settlement purposes, that it will likely be able to certify the proposed Settlement Classes, defined as follows:

> All holders of a TD Bank Personal Account, who, from August 16, 2010 to and including April 22, 2016, incurred one or more Overdraft Fees as a result of TD Bank's practice of assessing Overdraft Fees based on the Account's Available Balance rather than its Ledger Balance ("TD Available Balance Consumer Class");

and

> All holders of a Carolina First Bank/Mercantile Bank Account, who, from December 1, 2007 to and including June 20, 2011, incurred one or more Overdraft Fees as a result of Carolina First Bank's and/or Mercantile Bank's practices of (1) High-to-Low Posting, or (2) assessing Overdraft Fees based on the Account's Available Balance rather than its Ledger Balance ("South Financial Class");

and

> All holders of a TD Bank Personal Account who were assessed one or more Overdraft Fees for an ATM or One-Time Debit Card Transaction from August 16, 2010 to and including June 26, 2019 ("Regulation E Class");

and

> All holders of a TD Bank Personal or Business Account who, from March 8, 2013 to and including June 26, 2019, incurred one or more Sustained Overdraft Fees ("Usury Class");

and

> All holders of a TD Bank Personal Account who, from December 5, 2011 to and including June 26, 2019, incurred one or more Overdraft Fees on Uber or Lyft ride-sharing transactions while not enrolled in TD Debit Card Advance ("Uber/Lyft Class");

and

> All holders of a TD Bank Business Account who, from August 16, 2010 to and
> including June 26, 2019, incurred one or more Overdraft Fees as a result of TD
> Bank's practice of assessing Overdraft Fees based on the Account's Available
> Balance rather than its Ledger Balance ("TD Available Balance Business Class").

Excluded from the Settlement Classes are all current TD Bank employees, officers, and directors, this Court, and all TD Bank account holders whose claims were released as a result of their membership in the settlement class in *In re Checking Account Overdraft Litigation*, Case No. 09-MD-2036 (S.D. Fla.) ("MDL 2036"). *See In re Checking Account Overdraft Litig.*, Final Judgment, ¶ 6, Case No. 09-MD-2036, Dkt. No 3340 (S.D. Fla. Mar. 18, 2013) ("Final Judgment"). Also excluded are any persons that exclude themselves from the Settlement in accordance with the provisions set forth in the class notice.

8.      Specifically, the Court finds, for settlement purposes, that the Settlement Classes likely satisfy the following factors of Federal Rule of Civil Procedure 23:

(a)      Numerosity:  Millions of Account holders, spread across 14 states and the District of Columbia, are members of the proposed Settlement Classes.  Their joinder is impracticable.  Thus, the Rule 23(a)(1) numerosity requirement is met. *See Williams v. Henderson*, 129 F. App'x 806, 811 (4th Cir. 2005) (indicating that a class with over 30 members justifies a class) (citing 7A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Practice and Procedure* § 1762 (2d ed. 1986)).

(b)      Commonality:  Under Rule 23(a)(2), a party must show that the claims rest on a "common contention." *Wal-Mart Stores, Inc. v. Dukes*, 564 U. S. 338, 350 (2011). Here, the commonality requirement is satisfied for settlement purposes because there are multiple questions of law and fact that center on TD's class-wide policies and practices and are common to the Settlement Classes.

(c)    Typicality:  The Plaintiffs' claims are typical of the Settlement Classes for purposes of this settlement because they concern the same alleged TD policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief.  Rule 23(a)(3) is therefore satisfied.  *See Parker v. Asbestos Processing, LLC*, 2015 WL 127930, at *8 (D.S.C. Jan. 8, 2015) (stating that the typicality requirement is met if a plaintiff's "claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory"); *see also Comer v. Life Ins. Co. of Ala.*, 2010 WL 233857, at *4 (D.S.C. Jan. 14, 2010).

(d)    Adequacy:  Rule 23(a)(4) requires that the representative parties will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  This inquiry involves two issues: "(i) whether plaintiffs have any interest antagonistic to the rest of the class; and (ii) whether plaintiffs' counsel are qualified, experienced and generally able to conduct the proposed litigation." *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co.*, 270 F.R.D. 247, 252 (D.S.C. 2010); *see also Lloyd v. Gen. Motors Corp.*, 266 F.R.D. 98, 103 (D. Md. 2010) (providing similar inquiry).  Rule 23(a)(4) is satisfied here because there are no conflicts of interest between Plaintiffs and the Settlement Classes, and Plaintiffs have retained competent counsel to represent them and the Settlement Classes.  Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action and have dedicated substantial resources to the prosecution of the Action.  Moreover, Plaintiffs and Class Counsel have vigorously and competently represented the interests of the Members of the Settlement Classes.  *See Moodie v. Kiawah Island Inn Co.*, 309 F.R.D. 370, 378 (D.S.C. 2015).

(e)    Predominance and Superiority:  Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over

12

individualized issues, and resolution of the common issues for millions of Members of the Settlement Classes in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues.  With respect to predominance, Rule 23(b)(3) requires that the proposed classes be sufficiently cohesive to warrant adjudication by representation.  *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).  Rule 23(b)(3) also requires Plaintiffs to demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  *See* Fed. R. Civ. P. 23(b)(3).  Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Members of the Settlement Classes in a single common judgment.  Further, resolving the claims of the Members of the Settlement Classes in one proceeding is superior to multiple class actions clogging up the Court's docket.

9.     The Court appoints the following persons as Class Representatives:  Jan Kasmir, James King, Jr., Joanne McLain, Michael McLain, Geoffrey Grant, Keith Irwin, Shawn Balensiefen, Elizabeth Goodall, Kendall Robinson, Ronald Ryan, Tashina Drakeford, John Koshgarian, John Hurel, Frederick Klein, Dawn Ucciferri, Caroline Austin, Brittney Lawrence, Emilio Padilla, Sheila Padilla, Jennifer Bond, John Laflamme, Jonathan Young, Brittney Brooker, Marilyn Vailati, and Shaina Dorsey.

10.     Subject to possible later additions in accord with the provisions of the Settlement, the Court appoints the following persons and entities as Class Counsel:

> E. Adam Webb
> G. Franklin Lemond, Jr.
> WEBB, KLASE & LEMOND, LLC
> 1900 The Exchange, SE, Suite 480
> Atlanta, GA 30339

Richard D. McCune
Michele Vercoski
McCUNE WRIGHT AREVALO, LLP
3281 East Guasti Road, Suite 100
Ontario, CA 91761

Mark C. Tanenbaum
LAW OFFICE OF MARK C. TANENBAUM
120 Church Street
Charleston, SC 29413

William E. Hopkins, Jr.
HOPKINS LAW FIRM, LLC
12019 Ocean Highway
Pawleys Island, SC 29585

Richard M. Golomb
GOLOMB & HONIK, PC
1835 Market Street, Suite 2900
Philadelphia, PA 19103

Hassan A. Zavareei
TYCKO & ZAVAREEI LLP
2000 L Street, N.W., Suite 808
Washington, D.C. 20036

Joseph C. Kohn
KOHN, SWIFT & GRAF, PC
1600 Market Street, Suite 2500
Philadelphia, PA 19103

Francis J. "Casey" Flynn, Jr.
Tiffany M. Yiatras
CONSUMER PROTECTION LEGAL, LLC
308 Hutchinson Road
Ellisville, MO 63011-2029
John R. Hargrove
HARGROVE LAW GROUP
925 S. Federal Highway, Suite 715
Boca Raton, FL 33432

Christina Pierson
KELLEY UUSTAL, PLC
500 N. Federal Highway, Suite 200
Fort Lauderdale, FL 33301

Dick Harpootlian
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, SC 29201

Taras Kick
THE KICK LAW FIRM, APC
815 Moraga Drive
Los Angeles, CA 90049

Mark Kindall
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107

Jeff Ostrow
KOPELOWITZ OSTROW PA
2800 Ponce de Leon Blvd, Suite 1100
Coral Gables, FL 33134

11.     The Court appoints the following persons as Settlement Class Counsel:  E. Adam Webb of Webb, Klase & Lemond, LLC and Richard D. McCune of McCune Wright Arevalo, LLP. Settlement Class Counsel, a subset of Class Counsel, shall be responsible for handling all Settlement-related matters on behalf of Plaintiffs and the Settlement Class.

**Approval of Notice and Notice Program and Direction to Effectuate Notice**

12.     Federal Rule of Civil Procedure 23(e) establishes that class members are entitled to notice of the proposed settlement and an opportunity to object or opt-out before it is finally approved by the court.  "Notice to the class should establish the time and place of a public hearing on the proposed settlement and specify the procedure for opting out, filing objections, and appearing at the settlement hearing." *Temp. Servs.*, 2012 WL 13008138, at *9.  Rule 23(e)(1)(B) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of

judgment on the proposal." For Rule 23(b)(3) class actions, "the court must direct notice to the class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

13.     With respect to the content of the notices, they must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definitions of the classes certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the classes any members who request exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members. *See* Fed. R. Civ. P. 23(c)(2)(B).

14.     The Court approves the form and content of the Notices to be provided to the Settlement Classes, so long as they are substantially the same as the forms appended to the Motion. The Court further finds that the Notice Program, described in Section VIII of the Settlement, is the best practicable under the circumstances. Non-material modifications to the exhibits may be made without further order of the Court. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Classes of the pendency of the Action, class certification, the terms of the Settlement, their rights to opt-out of the Settlement Classes and object to the Settlement, Class Counsel's Fee Application, and the request for Service Awards for Plaintiffs. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

15.     The Court directs that Epiq Class Action and Claim Systems, Inc. ("Epiq") act as the Settlement Administrator.

16.    The Court directs that Epiq act as the Escrow Agent.

17.    The Court directs that Epiq act as the Tax Administrator.

18.    The Settlement Administrator shall implement the Notice Program, as set forth in the Settlement, using substantially the forms of Notice appended as Exhibits C, D, and E to the Motion and approved by this Order.  Notice shall be provided to the Members of the Settlement Classes pursuant to the Notice Program, as specified in section VIII of the Settlement and approved by this Order.  The Notice Program shall include Mail Notice, E-Mail Notice, and Long-Form Notice on the Settlement Website, as set forth in the Settlement and the exhibits appended to the Motion.

## Final Approval Hearing, Opt-Outs, and Objections

19.    The Court directs that a Final Approval Hearing shall be scheduled for Wednesday, January 8, 2020, at 9 a.m., in Courtroom 2 of the J. Waties Waring Judicial Center, Meeting Street at Broad Street, Charleston, South Carolina 29401, to assist the Court in determining whether to grant Final Approval to the Settlement, enter the Final Approval Order and Judgment, and/or grant Class Counsel's Fee Application and request for Service Awards for Class Representatives.

20.    The Court directs that any person or entity within the Settlement Classes' definitions who wishes to be excluded from the Settlement may exercise their right to opt-out of the Settlement by following the opt-out procedures set forth in the Long-Form Notice at any time during the Opt-Out-Period.  To be valid and timely, opt-out requests must be submitted to the address indicated in the Notice on or before the last day of the Opt-Out Period (the "Opt-Out Deadline"), which is 35 days before the Final Approval Hearing, and must include:

(i)    the name of the Action;

(ii)    the person's or entity's full name, address, email address, and telephone number;

17

    (iii)    a specific statement of the person's or entity's intention to be excluded from the Settlement;

    (iv)    the identity of the person's or entity's counsel, if represented; and

    (v)    the person's or entity's authorized representative's signature and the date on which the request was signed.

The Opt-Out Deadline shall be specified in the Mail Notice, E-Mail Notice, and Long-Form Notice.  All persons within the defined Settlement Classes who do not timely and validly opt-out of the Settlement shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section XIV of the Settlement.

21.    The Court further directs that any person in the Settlement Classes who does not opt-out of the Settlement Classes may object to the Settlement, Class Counsel's Fee Application, and/or the request for Service Awards for Class Representatives.  Any such objections must be delivered to the Clerk of the Court, Settlement Class Counsel, and counsel for TD, at the addresses indicated in the Long-Form Notice.  For an objection to be considered by the Court, the objection must be submitted no later than the Opt-Out Deadline of 35 days before the Final Approval Hearing and must include the following information:

    (i)    the name of the Action;

    (ii)    the objector's full name, address, email address, and telephone number;

    (iii)    an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    (iv)    a statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(v)     a statement with specificity of all grounds for the objection, accompanied by any legal support for the objection known to the objector or the objector's counsel;

(vi)    the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(vii)   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(viii)  the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(ix)    any and all agreements that relate to the objection or the process of objecting – whether written or oral – between objector or objector's counsel and any other person or entity;

(x)     the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(xi)    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

(xii)   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

(xiii)  the objector's signature (an attorney's signature is not sufficient).  Any objection submitted on behalf of a business entity must identify the title of the authorized individual signing the objection.

22.    If submitted by mail, an objection or opt-out shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope and addressed in accordance with the instructions.  If submitted by private courier (e.g., Federal Express), an objection or opt-out shall be deemed to have been submitted on the shipping date reflected on the shipping label.

### Further Papers in Support of Settlement and Fee Application

23.    Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application, and request for Service Awards for Class Representatives, no later than 56 days before the Final Approval Hearing.

24.    Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than 14 days before the Final Approval Hearing.  If TD chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 14 days before the Final Approval Hearing.

### Effect of Failure to Approve the Settlement or Termination

25.    In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or

any such order is reversed on appeal, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(i)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(ii)    All of the Parties' respective pre-Settlement claims and defenses will be preserved;

(iii)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against TD or Plaintiffs on any point of fact or law;

(iv)    Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Settlement Agreement, the Notice, court filings, orders, and public statements, may be used as evidence.  In addition, neither the fact of, nor any documents relating to, any Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence; and

(v)    Neither the fact of this Order nor any of its contents, nor the Parties' Settlement Agreement and submissions nor any of their contents, may be used to support certification of a litigation class in this or any other proceeding.

## Stay/Bar of Other Proceedings

26.    All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Classes, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (directly,

representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court asserting any of the Released Claims.

27.     Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i)     The Settlement Administrator shall establish the Settlement Website and toll-free telephone line as soon as practicable following Preliminary Approval, but prior to the sending of E-Mail Notice and Mail Notice;

(ii)    Within 60 days of the Court's order granting preliminary approval, TD Bank will provide the Settlement Administrator with the Class List, which includes the Class Members' names and contact information as may exist on file with TD Bank;

(iii)   Within 30 Days from the date the Settlement Administrator receives the Class List, the Settlement Administrator shall distribute E-Mail Notice to Members of the Settlement Classes for whom the Settlement Administrator was provided an email address and Mail Notice to Members of the Settlement Classes for whom there are no email addresses on file, as previously described;

(iv)    The Settlement Administrator shall complete the Notice Program (which includes both E-Mail Notice and Mail Notice) no later than 70 days before the Final Approval Hearing;

(v)     Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for Service Awards for Class Representatives, no later than 56 days before the Final Approval Hearing;

(vi)    Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application, and/or the

Request for Service Awards no later than 35 days before the Final Approval Hearing;

(vii)    Settlement Class Members must file requests for exclusion from the Settlement no later than 35 days before the Final Approval Hearing;

(viii)    Members of those Settlement Classes for which a Claim Form is required for payment must submit completed claims to the Settlement Administrator no later than 30 days after the Final Approval Hearing;

(ix)    Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and Fee Application no later than 14 days before the Final Approval Hearing;

(x)    If TD chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than 14 days before the Final Approval Hearing; and

(xi)    The Final Approval Hearing will be held in Courtroom 2 of the J. Waties Waring Judicial Center, Meeting Street at Broad Street, Charleston, South Carolina 29401.

**IT IS SO ORDERED**.


/s/Bruce H. Hendricks
United States District Judge

June 26, 2019
Charleston, South Carolina

23